UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
MARCO BERROCAL d/b/a BOURNE CO.,            :

                       Case No. 19 Civ. 5123

                Plaintiff,        :

                                      **COMPLAINT AND**
      - against -                :   **DEMAND FOR JURY TRIAL**

                                    :

SHEET MUSIC NOW, INC.,                       :

               Defendant.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

      Plaintiff Marco Berrocal d/b/a Bourne Co. ("Bourne"), by his attorneys Smith, Gambrell & Russell, LLP, as and for its Complaint against Defendant Sheet Music Now, Inc. ("Sheet Music Now") alleges as follows:

      1.     This is an action for (i) copyright infringement under the U.S. Copyright Act and the Berne Convention for Protection of Literary and Artistic Works (the "Berne Convention") for damages and injunctive relief, (ii) breach of contract, and (iii) an accounting.

### JURISDICTION AND VENUE

      2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (copyright claim). This Court has supplemental jurisdiction over claims in this action under 28 U.S.C. § 1367 (claims so related to claims in the action within such original jurisdiction that they form part of the same case or controversy).

      3.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(a) because (i) Sheet Music Now sells infringing sheet music over the internet to customers based in the Southern District of New York, (ii) a substantial part of the events or omission giving rise to the

claims occurred in the Southern District of New York, and (iii) Sheet Music Now causes infringing sheet music to be sold to customers through retail outlets in the Southern District of New York.

## THE PARTIES

4. Plaintiff Marco Berrocal is a resident of the State of New Jersey, and conducts business under the name of Bourne Co. at 35 West 45th Street, Floor 2, New York, New York 10036.  Bourne is the successor-in-interest to Irving Berlin, Inc.

5. Upon information and belief, Defendant Sheet Music Now is a corporation organized and existing under the laws of the State of California with its principal place of business in Los Altos, California.

6. Upon information and belief, Sheet Music Now is the successor in interest to Online Sheet Music, Inc. ("OSMI").

7. Upon further information and belief, OSMI was a corporation organized and existing under the laws of the State of California with its principal place in Los Altos, California that filed for dissolution on or about January 31, 2018.

## FACTS COMMON TO ALL CAUSES OF ACTION

**Bourne**

8. Bourne is a publisher of sheet music and one of the largest privately held international music publishers in the world.  Bourne also is one of the leading international music publishers in the world.  Bourne was established in 1919 and its catalog includes thousands of titles.  Bourne is engaged in the business of licensing the distribution and sale of musical compositions in sheet music.

9. Bourne is the exclusive owner of the copyright to the musical compositions *(The Dwarfs' Marching Song)* "*Heigh-Ho*" *and Heigh Ho (the Dwarf's Marching Song)* (collectively, the "*Heigh-Ho* Work"). The U.S. Copyright Office registration numbers for the *Heigh-Ho* Work are EU 159464, R 363000, EP 67125, and R 363001. Bourne is currently, and at all relevant times has been, the sole proprietor of all rights, title and interest in and to the copyright in the *Heigh-Ho Work.*

10. Bourne is the exclusive owner of the copyright to the musical composition *Whistle While You Work* (the "*Whistle While You Work* Work"). The U.S. Copyright Office registration numbers for this composition are R 338345, EP 66037, and R 352606. Bourne is currently, and at all relevant times has been, the sole proprietor of all rights, title and interest in and to the copyright in the "*Whistle While You Work* Work."

11. Bourne is the exclusive owner of the copyright to the musical composition *I'm Wishing* ("*I'm Wishing* Work"). The U.S. Copyright Office registration numbers for this composition are EU 156561, R 353830, EP 66038, and R 353831. Bourne is currently, and at all relevant times has been, the sole proprietor of all rights, title and interest in and to the copyright in the *I'm Wishing* Work.

12. Bourne is the exclusive owner of the copyright to the musical composition *No Man Is An Island* ("*No Man Is An Island* Work"). The U.S. Copyright Office registration numbers for this composition are E unpub. 222953, R 685523, EUNP 222953, and R 678438. Bourne is currently, and at all relevant times has been, the sole proprietor of all rights, title and interest in and to the copyright in the musical composition *No Man Is An Island* Work.

13. Bourne is the exclusive owner of the copyright to the musical composition *With A Smile and a Song* ("*With A Smile and a Song* Work"). The U.S. Copyright Office registration

numbers for this composition are EU 143385, R 338894, EP 66040, and R 353235.  Bourne is currently, and at all relevant times has been, the sole proprietor of all rights, title and interest in and to the copyright in the musical composition *With A Smile and a Song* Work.

14. Together the *Heigh-Ho* Work, the *Whistle While You Work* Work, the *I'm Wishing* Work, the *No Man Is An Island* Work, and the *With A Smile and a Song* Work are referred to as the "Works."

**Sheet Music Now**

15. Sheet Music Now is a company that offers sheet music for sale online in a variety of genres.

16. Sheet Music Now is engaged in the business of distributing sheet music on a digital basis directly to consumers, and through a dealer network on a retail basis.

17. Sheet Music Now markets sheet music to musicians of various levels of skill on several different instruments.

18. Sheet Music Now's webpage states, "We provide the music industry's most extensive selection of fully licensed legal digital sheet music available online."

**The License and Distribution Agreement**

19. Bourne and OSMI entered into a license and distribution agreement, dated as of January 23, 2013 (the "Licensing Agreement").  A true and correct copy of the Licensing Agreement is annexed to this Complaint as **Exhibit "1"**.

20. Pursuant to the Licensing Agreement, Bourne licensed to OSMI the non-exclusive right to exploit Bourne's share of the sheet music rights in and to numerous musical compositions, including each of the Works.

21. Pursuant to the Licensing Agreement, OSMI was authorized to exploit the musical compositions, including the Works, by interactive and non-interactive methods. In return, OSMI would pay Bourne royalties for this right.

22. Pursuant to the Licensing Agreement, its term "shall continue for a period of one (1) year commencing on [January 23, 2013]. At the end of the Term, the Agreement shall automatically renew calendar year by calendar year unless terminated by [Bourne] at the end of the calendar year by giving [Sheet Music Now] at least thirty (30) calendar days written notice."

23. Pursuant to Paragraph 4(a) of the Licensing Agreement, during the term of the Licensing Agreement, Bourne provided OSMI "the non-exclusive right to exploit sheet music rights in and to Licensor Compositions on a digital basis only ('Digital Print') through wholesale and retail channels; those electronic Digital Print files are sometimes referred to herein as 'Digital Print Files.'"

24. Paragraph 7(a) of the Licensing Agreement provides that "[w]ith respect to the sale of the Digital Print Files, [OSMI] shall credit (i) 50% of the Gross Receipts to [Bourne] with respect to every copy of the particular digital file."

25. Paragraph 8 of the Licensing Agreement requires OSMI to provide Bourne with an accounting concerning royalty payments. OSMI was to provide this accounting biannually and OSMI was to pay Bourne the monies it owed to Bourne pursuant to the statements.

26. Paragraph 8 of the Licensing Agreement further requires OSMI to keep and maintain true accurate records and books of account for a period of not less than three (3) years.

27. Paragraph 13 of the Agreement provides that if OSMI breaches any covenant or fails to perform any of its obligations under the Licensing Agreement, Bourne has the right to terminate the agreement upon written notice. The Licensing Agreement also provides OSMI

with a cure period to remedy the breach, and such termination shall become effective unless OSMI completely remedies the failure or breach within the cure period.

28. Upon termination of the Licensing Agreement, all royalties become immediately due and payable; no advances against royalties shall be repayable; and the balance of any minimum royalty become immediately due and payable.

29. Pursuant to Paragraph 18 of the Licensing Agreement, "Any use of the Musical Compositions outside the terms hereof or after the expiration of the terms hereof is unauthorized and is an infringement of the Copyright in the Musical Compositions and may be subject to civil or criminal prosecution pursuant to the terms of U.S. Copyright Laws."

**OSMI and Sheet Music Now Fail to Pay Bourne Royalties As Required By the Licensing Agreement**

30. On May 4, 2018, Bourne notified OSMI, by letter, that it had not received a royalty payment from OSMI since July 1, 2016 (the "May 4 Letter"). The May 4 Letter reads, "[i]n accordance to Paragraph 13 of [the Licensing Agreement], if we do not receive our royalties within fifteen (15) days from the date of this letter (that is, May 19, 2018), we will consider [the Licensing Agreement] terminated and will avail ourselves of all rights and remedies provided for in [the Licensing Agreement]."

**OSMI and Sheet Music Now Fail to Provide Bourne with Royalty Statements As Required By the Licensing Agreement**

31. In response to the May 4 Letter, Bourne received a check from Sheet Music Now, dated May 4, 2018 for $202.18 (the "Check"). Neither Sheet Music Now nor OSMI provided Bourne with any royalty statements explaining this payment.

32. Specifically, OSMI and Sheet Music Now failed to provide Bourne with the information required by Paragraph 8 of the Licensing Agreement.

33. As a result, Bourne was unable to determine whether the Check represented the full payment of royalties due to it under the terms of the Licensing Agreement.

**Bourne Terminates the Licensing Agreement and Notifies OSMI and
Sheet Music Now That Their Continued Exploitation of the Licensed
Compositions, Including the Works, Must Cease and Desist**

34. By letter dated May 14, 2018 (the "May 14 Letter"), Bourne wrote to OSMI, stating that it received a check for $202.18 but (i) it did not know whether that check represented the full payment of its royalties from July 1, 2016, and (ii) it was unable to ascertain for which compositions the check accounted.

35. In the May 14 Letter Bourne again invoked the termination provisions of the Licensing Agreement, providing OSMI and Sheet Music Now with notice to cure, and in the event a cure did not occur, the Licensing Agreement would terminate. Bourne also demanded that it be provided with royalty statements pursuant to the terms of the Licensing Agreement.

36. Neither OSMI nor Sheet Music Now remedied the breaches set forth in the May 4 Letter or the May 14 Letter.

37. Neither OSMI nor Sheet Music Now have provided Bourne with the royalty statements that Bourne requested.

38. Accordingly, on July 9, 2018, Bourne notified OSMI and Sheet Music Now, by letter (the "Cease and Desist") that, among other things:

    a. The breaches of the Licensing Agreement were not remedied within the 15 day cure period provided for in the Licensing Agreement and as a result, the Licensing Agreement terminated, as of May 19, 2018.

    b. Any and all use or exploitation of the musical compositions that Bourne Licensed to OSMI pursuant to the Licensing Agreement (the "Formerly Licensed Works") constitutes copyright infringement.

    c. OSMI and Sheet Music Now must cease and desist any and all use or exploitation of the Formerly Licensed Works.

    d. OSMI and Sheet Music Now must discontinue any and all sales of the Formerly Licensed Works.

39. The Cease and Desist identified the Formerly Licensed Works by song, artist and category. The Formerly Licensed Works include each of the Works.

**Sheet Music Now Ignores the Cease and Desist Letter and Continues
to Distribute, Reproduce and Publicly Display the Formerly Licensed
<u>Works on a Digital Basis, Without Bourne's Consent or Authorization</u>**

40. Attorneys for OSMI and Sheet Music Now confirmed their receipt of the Cease and Desist Letter.

41. Attorneys for OSMI and Sheet Music Now also assured counsel for Bourne that remedial actions would be taken to address the issues raised in the Cease and Desist Letter.

42. No such remedial actions were taken.

43. By letter dated August 22, 2018 (the "August 22 Letter") Bourne again wrote to OSMI and Sheet Music Now demanding, among other things, that they cease and desist any and all use or exploitation of the Formerly Licensed Works and provide Bourne with an accounting.

44. The August 22 Letter also advised OSMI and Sheet Music Now that their "failure to take any action to cease and desist from [their] infringing activity despite formal notice thereof constitutes willful copyright infringement."

45. As of May 2, 2019, Sheet Music Now still offers for distribution sheet music to the *Heigh-Ho* Work on a digital basis to the public through its website. *See* **Exhibit "2"**. As of May 27, 2019, Sheet Music Now continues to effectuate sales to residents of New York of the sheet music to the *Heigh-Ho* Work.

46. As of May 2, 2019, Sheet Music Now still offers for distribution sheet music to the *Whistle While You Work* Work on a digital basis to the public through its website. *See* **Exhibit "3"**. As of May 27, 2019, Sheet Music Now continues to effectuate sales to residents of New York of the sheet music to the *Whistle White You Work* Work.

47. As of May 2, 2019, Sheet Music Now still offers for distribution sheet music to the *I'm Wishing* Work on a digital basis to the public through its website. *See* **Exhibit "4"**. As of May 27, 2019, Sheet Music Now continues to effectuate sales to residents of New York of the sheet music to the *I'm Wishing* Work.

48. As of May 2, 2019, Sheet Music Now still offers for distribution sheet music to the *No Man Is An Island* Work on a digital basis to the public through its website. *See* **Exhibit "5"**. As of May 27, 2019, Sheet Music Now continues to effectuate sales to residents of New York of the sheet music to the *No Man Is An Island* Work.

49. As of May 2, 2019, Sheet Music Now still offers for distribution sheet music to the *With A Smile and a Song* Work on a digital basis to the public through its website. *See* **Exhibit "6"**. As of May 27, 2019, Sheet Music Now continues to effectuate sales to residents of New York of the sheet music to the *With A Smile and a Song* Work.

50. By offering copies of sheet music to the Works for sale to the public, Sheet Music Now is reproducing and distributing the Works without license or authorization from Bourne.

51. By hosting the Works on its website, Sheet Music Now is displaying the Works publicly without license or authorization from Bourne.

52. Sheet Music Now has actual knowledge that it has no right to exploit the Works.

53. Bourne's copyright notice appears on each of the Works that Sheet Music Now is offering for sale on its Website. *See* Exhibits 2-6.

54. Paragraph 18 of the Licensing Agreement provides Sheet Music Now with actual knowledge that it has no right to continue to exploit the Works.

55. The copyright registrations to the Works provide Sheet Music Now with constructive knowledge that they have no right to exploit the Works.

## FIRST CAUSE OF ACTION
### Direct Copyright Infringement With Request For Attorneys' Costs and Fees
### 17 U.S.C. §§ 106, 504 and 505

56. Bourne repeats and realleges the allegations contained in paragraphs 1 through 56 hereof as if fully set forth herein.

57. Bourne is the registered copyright owner of each of the Works.

58. Pursuant to 17 U.S.C. § 106(1), Bourne has the exclusive right to reproduce copies of each of the Works.

59. Pursuant to 17 U.S.C. § 106(3), Bourne has the exclusive right to distribute copies of each of the Works to the public by sale of other transfer of ownership, or by rental, lease or lending.

60. Pursuant to 17 U.S.C. § 106(5), Bourne has the exclusive right to display each of the Works publicly.

SGR/20909502.2

61. Sheet Music Now has reproduced and distributed to the public complete copies of each of the Works by sale of other transfer of ownership, or by rental, lease or lending on its website.

62. Sheet Music Now has displayed complete copies of each of the Works to the public on its website.

63. Sheet Music Now has willfully, with full knowledge of Bourne's copyrights, and without license or authorization, reproduced, distributed and publically displayed each of the Works in violation of Bourne's exclusive rights under 17 U.S.C. § 106.

64. Sheet Music Now is responsible directly for the unlawful infringement of Bourne's copyright interests in the Works.

65. As a direct and proximate result of the foregoing acts of infringement, Bourne has been and continues to be irreparably harmed.

66. Sheet Music Now is liable to Bourne for actual damages and profits for each act of infringement under U.S.C. § 504 or, in the alternative, for statutory damages for each willful infringement in an amount to be determined at trial.

67. Pursuant to 17 U.S.C. § 505, Bourne also requests that this Court order Sheet Music Now to reimburse Bourne for its attorneys' fees and costs incurred in prosecuting this action.

**SECOND CAUSE OF ACTION**
**Breaches of the Licensing Agreement**

68. Bourne repeats and realleges the allegations contained in paragraphs 1 through 68 hereof as if fully set forth herein.

69. In addition to Bourne's claim for copyright infringement, Bourne is also entitled to relief against Sheet Music Now for its material breaches of the Licensing Agreement.

70. Bourne and OSMI, the predecessor interest to Sheet Music Now, entered into the Licensing Agreement, to exploit the Works.

71. Sheet Music Now, as the successor in interest to OSMI, is liable to Bourne for any of its or OSMI's breaches of the Licensing Agreement.

72. Bourne fully performed its obligations under the terms of the Licensing Agreement.

73. Pursuant to Paragraph 8 of the Licensing Agreement, OMSI was required to send Bourne statements for monies payable to Bourne for the Formerly Licensed Works within sixty (60) days following each June 30th and December 31st for the preceding semi-annual accounting period, together with payment of monies, if any, earned by Bourne during the semi-annual period for which the statement is rendered.

74. Neither OSMI nor Sheet Music Now has sent Bourne a statement for monies payable to it since July 1, 2016.

75. OSMI and Sheet Music Now's failure to send payments as required by the Licensing Agreement is a material breach of the Licensing Agreement.

76. Pursuant to Paragraph 8 of the Licensing Agreement, together with the delivery of each such statement, OSMI was to pay to Bourne the royalty shown to be owing, withholding no minimum amount.

77. The Check does not represent the full payment of royalties due to Bourne under the terms of the Licensing Agreement for the period July 1, 2016 through May 4, 2018.

78. Failing to pay the full amount due to Bourne is a material breach of the Licensing Agreement.

79. Sheet Music Now is liable to Bourne for the forgoing material breaches of the Licensing Agreement in an amount to be determined at trial.

80. Pursuant to Paragraph 8 of the Licensing Agreement, Bourne is also entitled to contractual interest for the unpaid balance due at "the highest monthly rate permitted by applicable law, or 18% per annum, whichever is less."

81. Pursuant to Paragraph 19 of the Agreement Bourne is entitled to reimbursement from Sheet Music Now for its attorneys' fees and costs incurred in prosecuting this action.

### THIRD CAUSE OF ACTION
### Injunction and Seizure Pursuant to 17 U.S.C. § 502, *et seq*.

82. Bourne repeats and realleges the allegations contained in paragraphs 1 through 82 hereof as if fully set forth herein.

83. Bourne is entitled to a preliminary and permanent injunction under 17 U.S.C. § 502, *et seq*., to prevent further infringement of the Works.

84. Bourne further requests, pursuant to Article 16 of the Berne Convention and the applicable local laws, that the Court order the seizure of all copies of the Works found to have been made or used in violation of Bourne's exclusive rights in the Works being distributed throughout the signatory countries.

85. Pursuant to 17 U.S.C. § 502, *et seq*., Bourne further requests the impounding or destruction or other reasonable disposition of all copies of the Works, including digitized copies, made or used in violation of Bourne's exclusive rights, and/or other articles by means of which such copies may be produced or distributed.

## FOURTH CAUSE OF ACTION
### An Accounting

86. Bourne repeats and realleges the allegations contained in paragraphs 1 through 86 hereof as if fully set forth herein.

87. Bourne is entitled to a full accounting as to the royalty payments due to it pursuant to the Licensing Agreement.

88. The Accounting that Bourne is entitled to is described in Paragraph 8 of the Licensing Agreement.

89. Bourne has demanded an accounting.

90. Despite Bourne's demand for an accounting, OSMI and Sheet Music Now have failed to provide an accounting.

91. Bourne lacks any adequate remedy at law.

92. Pursuant to Paragraph 8(b) of the Licensing Agreement Bourne is entitled to reimbursement from Sheet Music Now in conducting the accounting.

## DEMAND FOR JURY TRIAL

93. Bourne demands a trial by jury of all issues so triable.

**WHEREFORE**, Bourne respectfully requests that the Court enter judgment:

(a) For the first cause of action, ordering Sheet Music Now to pay Bourne actual damages and profits or, in the alternative, statutory damages pursuant to 17 U.S.C. § 504 for each violation of Bourne's exclusive rights under 17 U.S.C. § 106;

(b) For the second cause of action, Ordering Sheet Music Now to pay Bourne damages for its breach of the Licensing Agreement in an amount to be determined at trial, with interest;

(c) For the third cause of action, enjoining Sheet Music Now and their agents, successors, affiliates, servants, employees, representatives, and all other firms, divisions or corporations in active concert or participation with Sheet Music Now during the pendency of this action and permanently from engaging in any further infringing use of the Works and ordering the impounding and/or destruction of all originals, copies, facsimiles and duplicates (including those in digital form) in its possession, custody or control;

(d) For the fourth cause of action, an accounting, with costs to conduct the same.

(e) For all causes of action, ordering Sheet Music Now to reimburse Bourne for its attorneys' fees and costs incurred in prosecuting this action;

(f) For all other relief that this Court deems just, necessary or proper.

Dated: New York, New York
May 31, 2019

SMITH, GAMBRELL & RUSSELL, LLP

By: __/s/ *Roger J. Maldonado*__
Roger Juan Maldonado
1301 Avenue of the Americas, Fl. 21
New York, New York 10019
Tel: (212) 907-9700
Fax: (212) 907-9841
Email: rmaldonado@sgrlaw.com

*Attorneys for Plaintiff*