USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 8/7/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCO BERROCAL, d/b/a/ BOURNE CO.,

                    Plaintiff,

-against-

SHEET MUSIC NOW, INC.,

                    Defendant.

1:19-CV-5123 (ALC)

**OPINION & ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

Defendant moves to set aside the Clerk's Certificate of Default entered in this action. For the reasons set forth below, Defendant's motion is **GRANTED**.

### BACKGROUND[1]

Plaintiff and non-party Online Sheet Music, Inc. ("OSMI") entered into a license and distribution agreement which granted OSMI a non-exclusive right to use Plaintiff's sheet music, including five specific works ("Licensing Agreement"). *See* Complaint (ECF No. 1) at ¶¶ 19–20. Defendant acquired these licenses from OSMI. *See* Memorandum of Law in Support of Defendant's Motion to Set Aside Clerk's Default ("Def. Memo.") (ECF No. 26) at 3. On May 4, 2018, Plaintiff informed OSMI that it had not received royalty payments required under the Licensing Agreement since July 1, 2016. *Id.* at ¶30. In response, Plaintiff received a check from Defendant for $202.18 but did not receive an accounting for the royalties or payment, which was required under the Licensing Agreement. *Id.* at ¶¶32–33. On May 14, 2018, Plaintiff wrote to OSMI to provide it an opportunity to cure before Plaintiff terminated the Licensing Agreement.

---

[1] The following facts are from Plaintiff's Complaint and are presumed to be true for purposes of this motion.

*Id.* at ¶35. Neither OSMI nor Defendant remedied the alleged violations. *Id.* at ¶36. Finally, on July 9, 2018, Plaintiff notified OSMI and Defendant that, because the alleged violations were not cured, the Licensing Agreement was terminated as of May 19, 2018. *Id.* at ¶38. Plaintiff alleges that Defendant continues to distribute, reproduce, and publicly display the work without consent or authorization. *Id.* at ¶¶ 40–55. Accordingly, Plaintiff brings four causes of action: (1) Copyright Infringement pursuant to 17 U.S.C. §§106, 504, and 505; (2) Breach of the Licensing Agreement; (3) Injunction and Seizure pursuant to 17 U.S.C. §502, *et seq.*; and (4) an Accounting.

Plaintiff filed its complaint on May 31, 2019. ECF No. 1. Defendant failed to respond or otherwise move with respect to the Complaint. On August 28, the Clerk of the Court issued a Certificate of Default against Defendant. ECF No. 12. On September 12, this Court ordered Defendant to show cause as to why the Court should not issue a judgment of default against Defendant pursuant to Federal Rule of Civil Procedure 55. ECF No. 18. The Order to Show Cause required Defendant to respond on or before October 1 and the Parties were required to appear for a Conference on November 5. On November 4, Defense counsel filed a letter motion to adjourn the Conference indicating that "[o]ur firm was first contacted and retained earlier this afternoon." ECF No. 21. The Court granted this request. Defendant then filed a motion to set aside the Clerk's Certificate of Default. ECF No. 25–28. Plaintiff opposes. ECF No. 32–33. Defendant replied to Plaintiff's opposition. ECF No. 34–36. Defendant's motion is now fully briefed.

## DISCUSSION

"The court may set aside an entry of default for good cause . . . ." FED. R. CIV. P. 55(c). To determine whether "good cause" exists, "a district court must consider three factors: (1) whether the default was willful; (2) whether setting the default aside would prejudice the adversary; and

2

(3) whether a meritorious defense is presented." *Swarna v. Al–Awadi*, 622 F.3d 123, 142 (2d Cir. 2010). "It is well established that default judgments are disfavored. A clear preference exists for cases to be adjudicated on the merits." *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001). "Because there is a preference for resolving disputes on the merits, doubts should be resolved in favor of the defaulting party." *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001) (quotation marks omitted). Indeed, "[m]otions to set aside default judgments should be granted liberally." *Crawford v. Nails on 7th By Jenny Inc.*, 18-CV-9849, 2020 WL 564059, at *2 (S.D.N.Y. Feb. 5, 2020).

    I.   **Willfulness**

Defendant's conduct was not willful. The inquiry into willfulness is subjective and serves to "distinguish [] those defaults that, though due to neglect, are excusable, from those that are not." *Am. All. Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996). Defendant claims that it was unaware that Plaintiff filed its Complaint because it was never personally served upon Defendant.[2] Defendant then "subsequently learned that a Complaint had been filed but was unclear as to whether it was properly served." Def. Memo. at 5. Moreover, Defendant mistakenly believed that an Answer was not required because its CEO was trying to resolve the dispute with Plaintiff. *Id.* at 6. For these reasons, Defendant "did not realize that an Answer to the Complaint was past due." *Id.* at 5. Plaintiff contests this characterization and alleges that at the time the Complaint was served, Defendant was represented by counsel who acknowledged that Defendant was in default of its obligations. *See* Plaintiff's Memorandum of Law in Opposition to Defendant's

---

[2] Plaintiff served the Complaint on the New York Secretary of State pursuant to Section 307 of the New York Business Corporation Law. *See* N.Y. BUS. CORP. § 307(a)–(c).

Motion ("Pl. Opp.") (ECF No. 33) at 1.  Indeed, Plaintiff asserts that "the decision by [Defendant] to not participate in this litigation was a strategic choice made by a sophisticated corporate defendant to avoid the time and expense of litigation, in the hope that it could pressure the plaintiff to agree to its settlement terms." *Id.* at 2.

Defendant provides at least three plausible reasons for not responding to Plaintiff—namely that Defendant was unaware that (1) the Complaint had been filed; (2) that the Complaint was properly served; and (3) that an Answer was required while the Parties were actively discussing negotiations.  To the extent there are factual disputes regarding Defendant's knowledge of adequate service and its response deadline, these disputes are resolved in favor of Defendant as the defaulting party. *See Golomb Mercantile Co. LLC v. Marks Paneth LLP*, 18-CV-3845, 2019 WL 6790678, at *5 (S.D.N.Y. Dec. 12, 2019) ("Although the Court is skeptical that [Defendant] was wholly unaware that [Plaintiff] initiated a civil action against [Defendants], the Court resolves the issues in favor of [Defendant], especially where, as here, [Defendant] merely seeks to vacate entry of default—not default judgment—and this action is still in its earliest procedural stage.").  Under Defendant's version of the facts, at most, Defendant neglected its duty to further investigate the propriety of service and its obligation to respond to the Complaint.  Such neglect does not constitute "egregious or deliberate conduct." *Am. All. Ins. Co., Ltd.*, 92 F.3d at 61.[3]

## II. **Prejudice**

---

[3] Plaintiff relies on *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444 (2d Cir. 2013) to argue that willful default should be inferred if defendant received the complaint and did not answer it, and if this non-compliance was due to circumstance within his control. *Guggenheim*, however, is distinguishable.  In *Guggenheim*, defendant was granted extensions and nevertheless failed to comply with several orders, admonitions, and warnings from the Court. *See Guggenheim*, 722 F.3d at 449.  Moreover, unlike Defendant in this case, the defendant in *Guggenheim* did not provide sufficient justification for his non-compliance.

Plaintiff will not be prejudiced if the Clerk's Certificate of Default is set aside. Delay, alone, is insufficient to establish prejudice. *New York v. Green*, 420 F.3d 99, 110 (2d Cir. 2005). Instead, a plaintiff may demonstrate prejudice by showing that delay will result in "the loss of evidence, create increased difficulties of discovery, [or] provide greater opportunity for fraud and collision," *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983), or that plaintiff's "ability to pursue the claim has been hindered since the entry of the judgment." *Brown v. Gabbidon*, No. 06-CV-8148, 2007 WL at *3 (S.D.N.Y. May 14, 2007) (internal citations omitted).

Plaintiff alleges two bases for prejudice: (1) Defendant continues to display certain copyrighted works for sale; and (2) although Defendant removed the works referenced in the Complaint, Defendant failed to provide assurances that it deleted the corresponding files from its own records. *See* Pl. Opp. at 19. To Plaintiff's first basis, Defendant asserts that it has now removed the works that Plaintiff claims still violate Plaintiff's intellectual property rights. *See* Defendant's Reply Memorandum of Law in Further Support (ECF No. 34) at 7. Plaintiff's second basis is about speculative, future harm that Defendants may cause if it reverts to the alleged infringement that instigated this lawsuit. The risk of future, speculative harm is insufficient to demonstrate prejudice and Plaintiff does not point to any prejudice beyond additional delay in vindicating its rights. Plaintiff will be able to attain the relief it seeks—namely, to receive adequate payment from Defendant, an injunction against current and future infringement, and an accounting—even after the opportunity for Defendant to respond to the Complaint and litigate this action.[4]

---

[4] Plaintiff did not seek to enforce and recover for the missed payments for almost two years. *See* Complaint at ¶30 ("On May 4, 2018, [Plaintiff] notified OSMI by letter, that it had not received a payment from OSMI since July 1, 2016 . . . ."). This itself is an indication that any slight further

5

III. **Meritorious Defenses**

Finally, Defendant presents plausible, meritorious defenses. "To satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at this stage. *Am. All. Ins. Co., Ltd.*, 92 F.3d at 61. However, the moving party must present "some evidence beyond conclusory denials to support [their] defense." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993).

Defendant alleges defenses including that (1) Defendant paid the royalties prior to the due date or within the cure period; (2) Plaintiff cannot sue for copyright infringement with respect to the non-payment of royalties that accrued prior to the termination of the non-exclusive license; (3) the licensing agreement was not properly terminated, so the sales do not constitute copyright infringement; and (4) Plaintiff waived enforcement of the licensing agreement. *See* Def. Memo. at 7–11. These would constitute a complete defense to many or all of Plaintiff's claims if they were proved at trial. Accordingly, Defendant puts forth a meritorious defense that weighs in favor of vacating the Clerk's Certificate of Default. *See Green*, 420 F.3d at 109 ("In order to make a sufficient showing of a meritorious defense . . . the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense.") (citation omitted).

## CONCLUSION

For the reasons set forth above, Defendant's motion is **GRANTED**. The Clerk's Certificate of Default is **VACATED**. Defendant is hereby **ORDERED** to file an Answer to Plaintiff's Complaint within 14 days of the issuance of this Opinion & Order.

---

delay will not prejudice Plaintiff. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993) ("The fact that plaintiff waited over a year before seeking such relief strongly suggests that some further delay will not unduly prejudice it.").

**SO ORDERED.**

**Dated:** **August 7, 2020**
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**